UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-24672-GAYLES

**PELEG DESIGN LTD,**

    Plaintiff,

v.

**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" TO THE COMPLAINT,**

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiff Peleg Design Ltd.'s ("Plaintiff") response, [ECF No. 16], to the Court's Order to Show Cause, [ECF No. 15], as to whether the joinder of the 176 Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule "A" ("Defendants") is proper under Federal Rule of Civil Procedure 20. The Court has reviewed the response and the record and is otherwise fully advised. As set forth below, the Court finds that joinder is improper.

## BACKGROUND

On December 11, 2023, Plaintiff filed its Complaint against Defendants asserting claims for Trademark Infringement and Counterfeiting, in violation of 15 U.S.C. § 1114 (Count I); False Designation of Origin, in violation of 15 U.S.C. § 1125(a) (Count II); Copyright Infringement, in violation of 17 U.S.C. § 101, et seq. (Count III); and Design Patent Infringement, in violation of 35 U.S.C. § 271 (Count IV). [ECF No. 1]. Plaintiff alleges that Defendants infringed on its rights

through the use of "numerous fully interactive commercial internet stores operating under the online marketplace accounts . . . and using the account names identified in Schedule A." [ECF No. 1 ¶ 4]. On January 23, 2024, the Court issued an Order to Show Cause directing Plaintiff to show why joinder of these 176 Defendants in one action is proper. [ECF No. 15].

In its response to the Order the Show Cause, Plaintiff contends that joinder is proper because Defendants "are all operating in the same transaction, occurrence, or series of transactions or occurrences . . . ." [ECF No. 16]. In addition, Plaintiff argues Defendants' counterfeiting activities "appear to share" certain commonalities including that (1) Defendants' internet stores infringe upon Plaintiff's copyrights and patents in the same manner, (2) Defendants go to great lengths to conceal their identities, (3) Defendants use payment and financial accounts associated with various online storefronts, and (4) Defendants use unauthorized search engine optimization tactics and social media spamming to ensure that their listings show up at the top of search results. *Id.* In short, Plaintiff contends that Defendants engage in the same approach to infringing upon its rights and that, therefore, all 176 Defendants should be joined in one lawsuit. *Id.*

## **DISCUSSION**

Federal Rule of Civil Procedure 20(a) permits joinder of defendants in the same action where the plaintiff's claims against the defendants arise "out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B). The Eleventh Circuit has defined "transaction or occurrence" as "all logically related events entitling a person to institute a legal action against another . . . ." *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). "The logical relationship standard is a loose one that permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits." *Omega, SA v. Individuals, Bus. Entities, & Unincorporated*

*Associations Identified on Schedule "A"*, 650 F. Supp. 3d 1349, 1352 (S.D. Fla. 2023) (internal quotations omitted). However, simply having similar issues of liability, without more, is insufficient to warrant joinder. *Id.* "[T]he claims must also share operative facts." *Id.*

Pursuant to Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "The district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices." *Omega, SA*, 650 F. Supp. 3d at 1351 (quoting *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002)).

The Court finds Plaintiff's request to permit suit and injunctive relief against these 176 Defendants in one action is improper. While there may be some common questions of law and fact as to the Defendants, the Complaint does not allege how each Defendant's acts of infringement "[arose] out of the same transaction, occurrence, or series of transactions or occurrences" of all the other Defendants. Fed. R. Civ. P. 20(a)(2)(A). *See Omega, SA*, 650 F. Supp. 3d at 1352 ("One defendant's alleged . . . infringement does not necessarily arise out of the same transaction, occurrence, or series of transactions or occurrences as another's unrelated infringement of the same [patent].)"; *Kay v. Individuals, Partnerships, & Unincorporated*, No. 23-22755-CIV, 2023 WL 6809762, at *2 (S.D. Fla. Oct. 16, 2023).[1] Plaintiff alleges that Defendants' Internet Stores have similar layouts and bear indicia of being related to one another and that Defendants engage in similar approaches to selling their counterfeit goods. [ECF No. 1 ¶¶ 39-45]. However, Plaintiff has not explained how having similar storefronts or using the same approach to infringe upon the same copyright or patent, without more, establishes that Defendants' infringements are logically related. In addition, Plaintiff's speculation that the infringing products come from a common source is

---

[1] After the Court issued an Order to Show Cause as to the propriety of joinder in *Kay*, the plaintiff voluntarily dismissed all claims. *See Kay*, No. 23-22775 (S.D. Fla. Nov. 7, 2023).

insufficient to support joinder. Importantly, Plaintiff does not explain how ordering joint and several relief against all Defendants would be proper. *See Kay*, 2023 WL 6809762 at *2.

Also, it does not appear that joinder of all 176 Defendants would promote judicial economy. Plaintiff argues that joining these Defendants will secure "a just, speedy, and inexpensive resolution for both Plaintiff and Defendants, will help avoid any unnecessary delays, and will not prejudice any party." [ECF No. 16 at 15]. The Court disagrees. Plaintiff will likely complicate this action and prejudice individual Defendants by relying on hundreds of documents evidencing separate, unrelated infringement by other Defendants. *Omega, SA*, 650 F. Supp. 3d. at 1353 (declining to join 108 defendants under Rule 20 and finding judicial economy undermined where the court must evaluate evidence against each defendant). "When the defendants are not affiliated with one another, there is no evidentiary overlap in proving liability for the alleged infringement. And one defendant's defenses do not depend on that of an unrelated codefendant." *Id.* at 1352 (internal quotation omitted). Each Defendant may have to "monitor filings and wade through evidence pertaining to dozens of potentially unrelated codefendants" so that Plaintiff avoids filing multiple actions and paying filing fees. *Id.* at 1352.

Finally, in its response to the Order to Show Cause, Plaintiff argues that cases like this "have proven effective at substantially reducing online counterfeiting and infringement and preventing customer confusion" and that the United States is working to combat trafficking in counterfeit goods. [ECF No. 16 at 6-7]. The Court agrees that online counterfeiting and infringement are serious issues. However, nothing in this Order prevents Plaintiff from pursuing claims against individual or groups of infringers whose actions arise out the same transactions or occurrences.

Therefore, the Court finds that joinder here is improper. *See Omega, SA*, 650 F. Supp. 3d at 1352; *Zuru v Individuals, Partnerships and Unincorporated Associations*, No. 22-CV-23504,

4

2023 WL 4014802, at *3 (S.D. Fla. Feb. 28, 2023) (finding joinder improper in a case involving the same plaintiff and similar allegations). Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This action is DISMISSED without prejudice for improper joinder.

2. Plaintiff may file an Amended Complaint which complies with this Order on or before May 7, 2024.

3. This action is CLOSED for administrative purposes and all pending motions are DENIED as MOOT.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of April, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE