UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-CV-24672-GAYLES

**PELEG DESIGN LTD.**,

    Plaintiff,

v.

**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A**,

    Defendants.

_____/

**ORDER ON PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

THIS CAUSE came before the Court upon Plaintiff's Motion for Preliminary Injunction (the "Motion"). [ECF No. 26]. The Court has reviewed the Motion and the record and is otherwise fully advised.

By the instant Motion, Plaintiff PELEG DESIGN LTD. ("Plaintiff" or "Peleg Design") moves for entry of a preliminary injunction against Defendants, the Individuals, Business Entities, and Unincorporated Associations identified on Schedule A hereto (collectively "Defendants"), and an entry of an order restraining the financial accounts used by Defendants, pursuant to 17 U.S.C. § 502, 17 U.S.C. § 504, 35 U.S.C. § 283, 35 U.S.C. § 284, 35 U.S.C. § 289, Fed. R. Civ. P. 65, and The All Writs Act, 28 U.S.C. § 1651(a).

For the reasons set forth herein, Plaintiff's Motion is GRANTED.

**I.**     **Factual Background**

Plaintiff is the owner of the following patent and copyright registrations, which are valid,

subsisting, in full force and effect, and registered by the U.S. Patent and Trademark Office and the U.S. Copyright Office, respectively: Design Patent No. US D929,796 S (the "PELEG Patent") and U.S. Copyright Registration No. VA 2-364-260 (the "PELEG Copyright").

Defendants, through the various Internet based e-commerce stores operating under the seller identities identified on Schedule A hereto (the "Defendant Internet Stores"), have advertised, promoted, offered for sale, sold, or imported goods displaying and/or embodying what the Plaintiff has determined to be infringements, reproductions, or colorable imitations of the PELEG Copyright and PELEG Patent (the "Infringing Products"). *See* Declaration of Shahar Peleg ("Peleg Decl."), ¶¶ 9–17.

Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make reproductions, or colorable imitations of the PELEG Copyright or PELEG Patent. *See* Peleg Decl., ¶ 17.

Plaintiff investigated the promotion and sale of infringing versions of the Plaintiff's copyright protected and patented products by the Defendants. *See* Peleg Decl., ¶¶ 12–15. Plaintiff accessed each of the e-commerce stores operating under the Defendant Internet Stores, initiated the ordering process for the purchase of a product from each of the Defendant Internet Stores displaying and/or embodying the PELEG Copyright and/or the PELEG Patent at issue in this action, and completed a checkout page requesting each product to be shipped to an address in the Southern District of Florida. *See id*. Plaintiff conducted a review and visually inspected the PELEG copyrighted and patented items and the items for which orders were initiated by Plaintiff's third-party investigator via the Defendant Internet Stores, and determined the products were non-genuine, unauthorized versions of the Plaintiff's products. *See id*.

## II.  Legal Standard

In order to obtain a preliminary injunction, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006).

## III.  Conclusions of Law

The declarations Plaintiff submitted in support of its Motion support the following conclusions of law:

A.  Plaintiff has submitted sufficient documentation that Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products embodying and/or displaying reproductions, or colorable imitations of Plaintiff's PELEG Copyright, and that the products Defendants are selling and promoting for sale are copies of Plaintiff's respective products that bear and/or display copies of Plaintiff's copyright.

B.  Plaintiff has also submitted sufficient documentation that Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the PELEG Patent. The documentation submitted by Plaintiff shows that an ordinary observer would be deceived into thinking that the Infringing Products were the same as one or more claims of the PELEG Patent.

C.  Because of the infringement of Plaintiff's PELEG Copyright and PELEG Patent, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's Second Amended Complaint,

Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will occur absent injunctive relief:

      i.      Defendants own or control e-commerce stores and commercial Internet websites operating under their respective seller identification names and domain names which advertise, promote, offer for sale, and sell products bearing, displaying, and/or embodying Plaintiff's copyright and/or patent, in violation of Plaintiff's respective rights;

      ii.      There is good cause to believe that more infringing products bearing, displaying, and/or embodying Plaintiff's copyright and/or patent will appear in the marketplace; that consumers are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products; and

      iii.      There is good cause to believe that if Plaintiff proceeds on notice to Defendants on this Motion, Defendants can easily and quickly change the ownership or modify domain registration, e-commerce store, and private messaging account data and content, change payment accounts, redirect consumer traffic to other seller identification names, private messaging accounts, and domain names, and transfer assets and ownership of the seller identification names and domain names, thereby thwarting Plaintiff's ability to obtain meaningful relief

      D.      The balance of potential harm to Defendants in restraining their trade in Infringing Products if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its exclusive rights as to the PELEG Copyright and/or PELEG Patent, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

      E.      The public interest favors issuance of the preliminary injunction to protect Plaintiff's copyright and patent interests and protect the public from being defrauded by the selling of genuine goods as PELEG Products.

F. The Plaintiff may be entitled to recover statutory damages from Defendants in the amount of one hundred and fifty thousand dollars ($150,000.00) per each registered Copyrighted Work infringed, as provided by 17 U.S.C. § 504(c), enhanced to reflect the willful nature of Defendants' infringement, instead of an award of actual damages or profits, and be awarded its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505. Likewise, the Patent Act authorizes courts to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283

G. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (11th Cir. 1995) (*citing Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

H. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal copyright and patent laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

I. Upon review of Plaintiff's Second Amended Complaint, Motion, and supporting evidentiary submissions, it is hereby ORDERED that Plaintiff's Motion is **GRANTED**, according to the terms set forth below:

**PRELIMINARY INJUNCTION**

(1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby temporarily restrained as follows:

a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products displaying and/or embodying the Plaintiff's PELEG Copyright, or colorable copies, imitations or derivations thereof, other than those actually manufactured or distributed by Plaintiff;

b. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products not authorized by Plaintiff that embody the design of the PELEG Patent;

c. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products not manufactured or distributed by Plaintiff, displaying the PELEG Copyright or colorable copies, imitations or derivations thereof; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products displaying and/or embodying Plaintiff's PELEG Copyright or colorable copies, imitations or derivations thereof; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant;

d. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the PELEG Patent; and

e. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (d).

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall

immediately discontinue the use of Plaintiff's PELEG Copyright or colorable copies, imitations or derivations thereof, and/or the PELEG Patent on or in connection with all Internet based e-commerce stores and Internet websites owned and operated, or controlled by them, including the Internet based e- commerce stores and Internet websites operating under the Defendant Internet Stores;

(3)   Each Defendant shall not transfer ownership of the Internet based e-commerce stores and Internet websites operating under their Defendant Internet Stores during the pendency of this action, or until further order of the Court;

(4)   Each Defendant shall preserve copies of all computer files relating to the use of any of the Internet based e-commerce stores and Internet websites operating under their Defendant Internet Stores and shall take all steps necessary to retrieve computer files relating to the use of the Internet based e-commerce stores and Internet websites operating under their Defendant Internet Stores that may have been deleted before the entry of this Order;

(5)   The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

(6)   Those with actual notice of this Order, including any online marketplaces such as the Online Marketplaces, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

    a.   disable and cease providing services for any accounts through which Defendants engage in the sale of Infringing Goods directly or indirectly infringing the PELEG

Copyright or PELEG Patent, including any accounts associated with the Defendants listed on the attached Schedule A;

      b.    disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods directly or indirectly infringing the PELEG Copyright or PELEG Patent; and

      c.    take all steps necessary to prevent links to the Defendant Domain Names identified on the attached Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

(7)    Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites at the Defendant Domain Names or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as the online marketplace platforms, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including PayPal, Alipay, Wish, Walmart, Joom, Alibaba, Ant Financial, Amazon, DHgate, eBay, Payoneer, PingPong, Coinbase, LianLian, AllPay, Union Mobile, World First, Paxful, Shopify, Stripe, OFX, SellersFund, third party processors and other payment processing service providers, shippers, and domain name registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery—based on the identifying information provided by Plaintiff's counsel including but not limited to, account IDs, legal names, and associated email addresses— including copies of all documents and records in such person's or entity's possession or control relating to:

   a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

   b. the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with Defendants' online marketplace accounts, the Defendant Domain Names, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective online marketplace accounts and Defendant Domain Names;

   c. Defendants' websites and/or any online marketplace accounts;

   d. the Defendant Domain Names or any domain name registered by Defendants; and

   e. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, without limitation, PayPal, Alipay, Wish, WalMart, Joom, Alibaba, Ant Financial, Amazon Pay, DHgate, eBay, Payoneer, PingPong, Coinbase, LianLian, AllPay, Union Mobile, World First, Paxful, Shopify, Stripe, OFX, SellersFund or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

  (8) Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

(9) Western Union shall, within five (5) business days of receipt of this Order, block any Western Union money transfers and funds from being received by Defendants until further ordered by this Court.

(10) The marketplace platforms shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' online marketplace accounts or websites:

  a. locate all accounts and funds connected and/or related to Defendants, Defendants' online marketplace accounts or Defendants' websites, including, but not limited to, any Amazon, PayPal, Payoneer, LianLian, AllPay, PingPong, Coinbase, Union Mobile, eBay, Walmart, and Wish accounts connected and/or related to the information listed in the attached Schedule A; and

  b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

(11) The Financial Institutions, any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of Defendants' online marketplace accounts or websites, shall within five (5) business days of receipt of this Order:

  a. locate all accounts and funds connected and/or related to Defendants, Defendants' online marketplace accounts or Defendants' websites, including, but not limited to, any accounts connected and/or related to the information listed in Schedule A to this Order; and

  b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

(12) Plaintiff may provide notice of these proceedings to Defendants by electronically publishing a link to the Second Amended Complaint, this Order, and other relevant documents on a website or by sending an e-mail to all e-mail addresses identified by Plaintiff and any e-mail

addresses provided for Defendants by third parties that includes a link to said website. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

(13)  Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

(14)  The five-thousand-dollar ($5,000.00) bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

DONE AND ORDERED in Chambers in Miami-Dade County, Florida, this 8th day of November 2024.

**HONORABLE DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
Counsel of Record

**Schedule A**

| DOE | Seller name | Seller URL |
|---|---|---|
| 1 | BlSHOP | https://www.walmart.com/reviews/seller/101281286 |
| 2 | Fangbaihui technology Co.ltd | https://www.walmart.com/reviews/seller/101241655 |
| 3 | LIFUS | https://www.walmart.com/reviews/seller/101099293 |
| 4 | MEZEEXBNK Co. Ltd | https://www.walmart.com/reviews/seller/101245996 |
| 5 | Nouuno | https://www.walmart.com/reviews/seller/101246878 |